## Henry Schumacher, Defendant in Error, v. John Claney, Plaintiff in Error.

### Gen. No. 14,752.

MUNICIPAL COURT—*when "statement of facts" not sufficient for purposes of review.* A "statement of facts" certified as substantially correct, is not sufficient for purposes of review. The statement of facts should be certified to contain "the facts appearing upon the trial."

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909.

ADAMS & FROEHLICH, for plaintiff in error.

CASTLE, WILLIAMS, LONG & CASTLE, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a writ of error from the Municipal Court in which judgment was entered for eighty dollars against plaintiff in error on a claim for wages. The plaintiff had been employed as a watchman by the foreman of The Flagler Iron & Steel Co., a corporation then in possession of a plant, which plant was soon after by the said corporation "surrendered back to the Chicago Highlands Association." Subsequently the defendant and another entered into a contract with that Association "by which," as stated by plaintiff's attorneys in their brief, "they were given an option to purchase the plant and were given immediate possession to alter, equip and operate the same forthwith." Plaintiff was paid for his services as watchman up to the end of March, 1906, and seeks to recover for April and May following, during which time he claims to have continued to serve as watchman at the plant. After May, 1906, the plaintiff continued to act as watchman and was paid therefor by the Highlands As-

sociation. The abstract of record states that "the sole question in dispute is, whether the defendant  *  *  * is liable personally to the plaintiff for the work performed during April and May, 1906."

We are unable satisfactorily to consider this question in the state of the record. The statutory requirements of the Municipal Court Act (R. S. chapter 37, section 286, 6th paragraph) in cases such as this are as follows: "Upon application made at any time within thirty days after the entry of any final order or judgment or within such further time as may upon application therefor within said thirty days, be allowed by the court, it shall be the duty of the judge by whom such final order or judgment was entered to sign and place on file in the case in which the same was entered, if so requested by either of the parties to the suit, either a correct statement to be prepared by the party requesting the signing of the same, of the facts appearing upon the trial thereof and of all questions of law involved in such case and the decisions of the court upon such questions of law, or, if such party shall so elect a correct stenographic report of the proceedings at the trial and a correct statement of such other proceedings in the case as such party may desire to have reviewed by the Supreme Court or the Appellate Court, omitting therefrom" certain matters not now in question.

There is in the record of the case at bar neither "a correct statement  *  *  *  of the facts appearing upon the trial" nor "a correct stenographic report of the proceedings at the trial." The statement signed by the judge purports to be "a substantially correct statement of the facts which appeared to be proven." The statute calls for a "correct" statement of facts, not one that is merely substantially correct. It is not a proper compliance with the statute unless the certificate shows the statement to contain "the facts appearing upon the trial." The distinction is not fanciful. It is real and material. It is one thing for the

trial judge to certify to a state of facts which he finds from the evidence have appeared on the trial and upon which the verdict or judgment is based, and another thing to certify to facts which have merely "appeared to be proven." The one is a finding of facts such as the statute requires. The other is a mere expression of opinion to the effect that the statement certified to contains what appeared to be proven as substantially correct facts, but which nevertheless the trial judge is unable from the evidence to find were proven. If the trial court cannot determine from the evidence what the facts are, a reviewing court cannot be expected to so determine without the evidence. We hold then that "a correct statement of the facts appearing on the trial" means a correct statement of the facts which the trial court has found from the evidence to be "the facts appearing on the trial." If the parties are unable or unwilling to rely on the facts as the trial court finds and states them, then the statute affords an alternative. Either party may present "a correct stenographic report of the proceedings" to be signed by the judge and placed on file in the case, thus furnishing "the record to be considered upon the review of such order or judgment by writ of error."

In the case at bar we have what is called a "bill of exceptions." The first part of this instrument contains an apparent statement of certain of the facts. Then we are informed that a certain witness "testified" as to certain matters; and again that "evidence was offered and received on behalf of the plaintiff tending to show" certain things. The instrument is called a "bill of exceptions," but does not purport to be such on its face. In this class of cases no bill of exceptions is required and the title is a misnomer.

The instrument is not a correct statement of the facts appearing on the trial, such as the statute contemplates, nor is it a correct stenographic report of the proceedings, and in the absence from the record

of such statement or report .we are unable to review the case upon the merits. The judgment of the Municipal Court must therefore be affirmed.

*Affirmed.*